FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA   JUN 22  AM 11:08
TAMPA DIVISION

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

Richard H Hartman II
      Plaintiff

vs.

CIVIL ACTION
FILE NO: 8:11-cv-01323-JDW-MAP

Weltman, Weinberg & Reis Co., LPA.
Josh Schofield
      Defendants
_____/

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, Richard H Hartman II, brings this action against Defendant Weltman, Weinberg & Reis Co., LPA (hereinafter referred to as "WWR") and Defendant Josh Schofield (hereinafter referred to as "Schofield") on the grounds and in the amounts set forth herein.

### PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of a consumer debt. Plaintiff, an individual, institutes this action for statutory damages against each Defendant and actual damages from Defendants, as well as attorney fees and the costs of this action Jointly and Severally against all Defendants, for violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692 et seg.

## **PARTIES**

1. Plaintiff is a natural person, residing in the city of Hudson, Pasco County, Florida.

2. Defendant WWR is an Ohio corporation engaged in the business of collecting debts, with its principal place of business located at 323 W. Lakeside Avenue, Suite 200, Cleveland, Ohio 44113.

3. Defendant WWR may be served upon its registered agent Alan Weinberg, 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113.

4. Defendant WWR is engaged in the collection of consumer debts using the telephone, the US mail and all other means at its disposal.

5. Defendant WWR regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant WWR is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692A(6).

7. Defendant WWR has attorneys licensed to practice law in Florida, but limits its practice area in Florida to real estate matters.

8. Defendant Josh Schofield is an employee of Defendant WWR.

9. Defendant Schofield may be served at his place of business, located at 175 South 3rd Street, Suite 900, Columbus, OH 43215.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

11. Venue in this District is proper in that Defendants conduct business here and the conduct complained of occurred here.

## STATUTORY STRUCTURE FDCPA

12. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses (15 U.S.C. § 1692k).

13. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt (15 U.S.C. § 1692a(3)).

14. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes (15 U.S.C. § 1692a(5)).

15. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another (15 U.S.C. § 1692a(6)).

16. Under the FDCPA, a debt collector may not use any false, deceptive or misleading misrepresentation or means in connection with the collection of any debt (15 U.S.C. § 1692e).

17. Under the FDCPA, a debt collector may not falsely represent the character, amount or legal status of any debt (15 U.S.C. § 1692e(2)(A)).

18. Under the FDCPA, a debt collector may not threaten to take, or take any action that cannot be legally taken or that is not intended to be taken (15 U.S.C. § 1692e(5)).

19. Under the FDCPA, a debt collector may not make the false representation or implication that any individual is an attorney or that any communication is from an attorney 15 U.S.C. § 1692e(3).

20. Under the FDCPA, a debt collector must disclose in the initial and all subsequent communications with a consumer, that the communicator is a debt collector and is attempting to collect a debt (15 U.S.C. § 1692e(11)).

21. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages sustained by such person as a result of such failure, as well as statutory damages up to $1,000, attorney's fees as determined by the Court and the costs of litigation (15 U.S.C. § 1692k).

## FACTS

22. Plaintiff is involved in a dispute with BB&T Financial, FSB (BB&T) over an alleged credit card debt.

23. The alleged debt was incurred for the personal, family, or household use of the Plaintiff.

24. Defendant WWR has been contracted by BB&T as a debt collector to collect the alleged debt.

25. In March 16, 2011, Defendant WWR sent a collections letter to Plaintiff (attached hereto as Plaintiff's Exhibit A).

26. The March 16, 2011 collections letter stated there was a balance due of $5,367.62

27. In its 3/16/11 collection letter, Defendant WWR identified itself as a law firm.

28. In the 3/16/11 letter, Defendant WWR stated, "This law firm has been retained to collect the outstanding balance due and owing on this account."

29. In addition, the 3/16/11 letter stated, "It is important that you contact our office to discuss an appropriate resolution for this matter."

30. The 3/16/2011 did not contain the signature of an individual person.

31. On March 25, 2011 at 8:26 AM, Plaintiff received an 18 second telephone message from Defendants.

32. The message is transcribed exactly as follows: "This message is for Richard Hartman. This is Josh with Weltman, Weinberg & Reis. Please return my call. I will be here until 4:00 Eastern Standard Time today. I can be reached at 614-801-2778. Thank you."

33. Upon information and belief, "Josh" at 614-801-2778 is actually Josh Schofield, Defendant herein.

34. In the 3/25/11 telephone message, Defendant Schofield did not identify himself or Weltman, Weinberg & Reis as a debt collector.

35. On March 27, 2011, Plaintiff sent a letter to WWR disputing the debt and requesting verification of the debt.

36. On April 20, 2011, WWR sent Plaintiff a BB&T account statement (attached hereto as Plaintiff's Exhibit "B").

37. The BB&T statement WWR sent to Plaintiff on 3/27/11 showed a "Total Minimum Amount Due" on the account of $1,063.00.

38. The BB&T statement WWR sent to Plaintiff on 3/27/11 also showed a new balance on the account of $5,367.62.

## CAUSES OF ACTION

### COUNT I.

### FDCPA VIOLATION BY DEFENDANT JOSH SCHOFIELD

39. Defendant Schofield's March 25, 2011 telephone call to Plaintiff, in which Defendant did not inform Plaintiff the communication was from a debt collector, violated 15 U.S.C. § 1692e(11).

### COUNT II.

### FDCPA VIOLATIONS BY DEFENDANT WELTMAN, WEINBERG & REIS CO., LPA.

40. The March 16, 2011 collections letter Defendant WWR sent to Plaintiff, that was not review and signed by any particular attorney, violated 15 U.S.C. § 1692e(3).

41. The March 16, 2011 collections letter Defendant WWR sent to Plaintiff, that was not review and signed by any particular attorney, violated 15 U.S.C. § 1692e(5).

42. The March 16, 2011 collections letter Defendant WWR sent to Plaintiff, that was not review and signed by any particular attorney, violated 15 U.S.C. § 1692e(10).

43. When WWR communicated with Plaintiff through it's employee Josh Schofield, without identifying itself as a debt collector on March 25, 2011, it violated 15 U.S.C. § 1692e(11).

44. On April 20, 2011, WWR sent Plaintiff, as validation of the alleged debt, a statement showing two different amounts due on the alleged debt. The conflicting dollar amounts violate 15 U.S.C. § 1692e(2)(A).

## CLAIM FOR RELIEF

45. Defendants' actions caused Plaintiff physical and emotional distress.

46. Plaintiff is entitled statutory damages from Defendant Schofield for the violation of 15 U.S.C. § 1692e(11) in an amount not to exceed $1,000.

47. Plaintiff is entitled actual damages from Defendant Schofield for the violation of 15 U.S.C. § 1692e(11) in such an amount as is proven at trial.

48. Plaintiff is entitled statutory damages from Defendant WWR for its violations of 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692e(2)(A) in an amount not to exceed $1,000.

49. Plaintiff is entitled actual damages from Defendant WWR for its violations of 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692e(2)(A) in such an amount as is proven at trial.

50. Plaintiff is entitled to attorney's fees and the costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Richard H. Hartman respectfully requests this Honorable Court find in Plaintiff's favor and enter Judgment against the Defendants for the following:

1. Actual damages, pursuant to FDCPA, 15 U.S.C. § 1692k in such amount as is proven at trial.

2. Statutory damages of $1,000 from each Defendant, pursuant to FDCPA, 15 U.S.C. § 1692k.

3. Reasonable attorney's fees and costs of this action, pursuant to FDCPA, 15 U.S.C. § 1692k.

4. Such other and further relief that the Court deems just and proper under the circumstances.

Dated the 21th day of June, 2011.

Respectfully submitted,

_____
Richard H. Hartman, Plaintiff

## **CERTIFICATE OF SERVICE**

UNDER PENALTY OF PERJURY, I CERTIFY that on the 20th day of June, 2011, I furnished a copy of the forgoing Amended Complaint and Demand for Jury Trial by U.S. Mail to the following Defendants:

Alan Weinberg, 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113
Josh Schofield, 175 South 3rd Street, Suite 900, Columbus, OH 43215

Richard H. Hartman
12528 Shadow Ridge Blvd
Hudson, FL 34669
813-486-8287
rick@rickhartman.com